848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mahlen H. MOORE, Plaintiff-Appellant,
v.
COUNTY OF MIDLAND, James R. McNutt, Lyle Schieber, Charles
Londo, Ann M. Dever, Anne Schilling, Rose Marie McQuaid,
Betty Fillmore, Scott MacDonald, Garth Beaver, Polland
Weaver, Cletus Supinger, Peter Bastuk, Bart Dexter, Ralph
Hobbs, Bruce Brooks, Donald Thortun, Richard Plude,
Defendants-Appellees.
 No. 87-1926.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Appellant seeks review of the order of the district court filed June 19, 1987 and entered June 26, 1987.
 
 
 3
 A review of the record indicates that plaintiffs Moore and Davidson filed a pro se 42 U.S.C. Sec. 1983 prisoner civil rights complaint on May 30, 1986, but that only plaintiff Davidson submitted an application to proceed in forma pauperis. The record evinces apparent confusion regarding which of the two plaintiffs filed and received leave to proceed in forma pauperis. However, after several proceedings Magistrate Goldman concluded in his report and recommendation entered March 19, 1987, that service of process should issue on behalf of plaintiff Davidson, who filed the in forma pauperis certificate. The magistrate further concluded that plaintiff Moore had failed to either pay the filing fee or request in forma pauperis status, after noting that Moore attempted to pay the sixty dollars filing fee on September 18, 1986, with a post-dated check. The magistrate recommended that Moore be given ten days in which to file for in forma pauperis status, pay the filing fee or suffer dismissal. The magistrate's findings and conclusions were approved by the district court in its order filed June 19 and entered June 26, 1987. The district court's order of June 26, 1987 ordered that service of process upon the named defendants should issue on behalf of plaintiff Davidson only.
 
 
 4
 On June 19, 1987, plaintiff Davidson filed with the court a request to withdraw as a plaintiff. The record is devoid of an entry granting Davidson's request.
 
 
 5
 A further review of the record reveals a copy of a document, the first page of district court record entry number eight, which appears on its face to be an October 16, 1986 receipt from the clerk of the district court for the Eastern District of Michigan to plaintiff Moore for payment of a civil filing fee.
 
 
 6
 It is further noted that the clerk of the district court has indicated on its transmittal form to this court that plaintiff Moore has been granted leave to proceed in forma pauperis in this appeal.
 
 
 7
 This court lacks jurisdiction in this appeal. Plaintiff Davidson remains a party to the instant suit, and no order disposing of the case has been entered. Absent a Fed.R.Civ.P. 54(b) certification, an order disposing of fewer than all claims or parties is not appealable. Liberty Mutual Ins. Co. v. Aetna Life Ins. Co., 782 F.2d 58, 59 (6th Cir.1986). No Rule 54(b) certification was made in the instant appeal. The final decision of the district court has not been entered during the pendency of this appeal; therefore, this court lacks jurisdiction. See Gillis v. Department of HHS, 759 F.2d 565 (6th Cir.1985).
 
 
 8
 It is therefore accordingly ORDERED that the appeal be and is hereby dismissed Rule 9(b)(1), Rules of the Sixth Circuit. This dismissal shall not affect any right the appellant may have to seek appellate review upon the entry of a final judgment by the district court.
 
 
 9
 Further, pursuant to Fed.R.App.P. 10(e), the district court is directed to review its record and make any corrections therein in light of the possible discrepancies set forth in this order.